■ JUNE ROSNER, Appellant, v LOUIS J. PALEY, Respondent, et al., Defendant. (And Another Action.) — Resettled order of Supreme Court, New York County (Williams, J.), entered April 14, 1981, which denied plaintiff's cross motion to orally cross-examine Anna Rosner when her deposition is taken on written questions as a nonparty witness by defendant Louis J. Paley, is unanimously reversed, on the law and the facts and in the exercise of discretion, and the cross motion is granted, without costs. Appellant, June Rosner, is the beneficiary of a trust in which her mother, Anna Rosner, is a trustee. Appellant became concerned about derelictions by the trustees in the administration of the trust. She consulted and retained the defendants Wishod and Paley to represent her with respect to her claims. Relying upon the attorneys' advice, appellant entered into a settlement agreement with her mother, where, *inter alia,* she agreed not to institute judicial proceedings based on the trustees' action. However, appellant subsequently did so, and her mother thereupon

executed a new codicil to her will which eliminated the appellant as a beneficiary. Appellant then brought this action against her attorneys, contending that she was induced to settle based on the erroneous advice of counsel. She also contends that counsel gave her false advice as to the validity of her appointment as a cotrustee. Counsel (defendants) instituted the action against the appellant for payment due for services rendered. Both actions were consolidated. In January, 1981, defendant Paley sought a court order to take oral deposition of Anna Rosner, as a nonparty witness, because she had knowledge relevant to her defense. Appellant by cross motion moved to cross-examine her mother. On March 23, 1981, Justice Williams granted both oral deposition and oral cross-examination. Defendant Paley moved to resettle the order to permit Anna Rosner's deposition on written questions rather than oral, on the grounds that Anna Rosner now resided in Florida, was 80 years old and in poor health. Appellant again cross-moved to permit oral examination in the event written examination were permitted. The order was resettled denying appellant leave to orally cross-examine her mother. At issue is whether the court abused its discretion in precluding appellant from oral cross-examination at the deposition. This court has permitted oral cross-examination of a nonparty out-of-State witness who was submitting to a written deposition. *(Corona Hair Net Corp. v Chemaco, Ltd.,* 33 AD2d 1001.) In *Walkorsky v Wolf* (28 AD2d 1120) it was held that where a plaintiff elected to take the deposition upon written questions of a nonresident who was outside New York, the defendant would be permitted to conduct an oral cross-examination of the witness. In the case at bar, it is clear that the mother is extremely hostile towards appellant, and that she may give evidence which could be potentially harmful to appellant's case. Where hostility is shown, courts have hesitated to allow written questions, even where the deponent is located outside the State. *(Pinkowitz v California Packing Corp.,* 126 NYS2d 783.) It is therefore particularly important that appellant be permitted to have her attorney conduct his cross-examination of Anna Rosner orally and not be limited to written questions. A deposition on written questions would not be appreciably less burdensome than a deposition upon oral questions. Appellant has indicated that she is willing to reasonably accommodate her mother in view of her condition, such as holding the deposition at her mother's home, or for very limited periods of time within the course of the day. It is clear that, given the hostility of the mother towards the daughter, substantial justice would be more adequately provided by allowing counsel the opportunity to cross-examine her orally. Concur — Murphy, P.J., Kupferman, Sullivan, Carro and Lupiano, JJ.